Robert Agusta BURDICK, Appellant,

v.

J. Wayne ALLGOOD, Warden, Louisiana State Penitentiary, Angola, La., Appellee.

No. 23388.

United States Court of Appeals Fifth Circuit.

Nov. 3, 1966.

No appearances for appellant or appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This is a pro se appeal in forma pauperis from an order of the district court denying a writ of habeas corpus.

Appellant has exhausted his state remedies and is presently serving a fifteen-year prison term in the Louisiana State Penitentiary at Angola, having been convicted by a jury in state court for the possession and sale of marihuana. The question presented is whether the district court erred in denying appellant a plenary hearing on the merits of his contention that a coerced statement (made without benefit of counsel, following an illegal arrest) was used to convict him.

Appellant, a seaman, alleges the following facts:

He was entrapped by a Federal Agent posing as a fellow seaman who enticed him to obtain marihuana. Appellant was first introduced to the agent at a New Orleans bar on June 22, 1962. After repeated requests of the agent for marihuana, appellant finally discovered a source, one Whitey, who sold him a pack of 20 cigarettes which he in turn gave to the agent on July 3, 1962. The agent approached him on numerous occasions thereafter complaining of his addiction to and need for marihuana, and out of friendship appellant took the agent to see Whitey on July 9, 1962. Appellant again purchased a pack of cigarettes. On July 12, 1962, three packs were purchased from Whitey, the agent having begged for a larger supply. On all three occasions, appellant alleges he refused to take the agent's money, but accepted and smoked several cigarettes with his "friend." Approximately a month after the third purchase, Whitey was arrested for selling marihuana and while on bail committed suicide. On March 10, 1963, eight months subsequent to the last purchase, the agent again approached appellant for more cigarettes and was told of Whitey's suicide, and that appellant

therefore no longer had a source for his purchases.

On May 9, 1963, approximately ten months after the last purchase, appellant was approached by a police officer of the New Orleans Police Department, who told him that he was wanted by the Narcotics Bureau of the New Orleans Police Department. Appellant immediately, voluntarily and alone, went to the Narcotics Bureau to inquire why he was wanted. Upon his arrival at 8:00 A.M., he was immediately arrested. He requested that he be shown a warrant for his arrest, but there was none. He was interrogated for approximately one and one-half hours by officers of the Narcotics Bureau; he was then taken to the First Precinct Station and booked; immediately thereafter he was returned to the Narcotics Bureau for further interrogation, was placed in the line-up, then locked up until 3:00 P.M. when he was taken before a Police Lieutenant who told him that there were multiple charges of possession and sale of marihuana against him. At 6:00 P.M. he was returned to the First Precinct Station, where he was illegally incarcerated and held "totally incommunicado" until May 17, 1963, a period of eight days. He was booked on this day and taken to Parish Prison where he was again held incommunicado until his arraignment on July 22, 1963, approximately two months after his arrest. Counsel was appointed for him and appellant entered a plea of "not guilty," after which he was remanded to prison. His appointed counsel continually urged him to plead guilty but he refused. On September 16, 1963, appellant was released on bail, whereupon he obtained counsel of his own choice.

Trial was held on October 30, 1963. The Police Lieutenant in charge of the Narcotics Bureau testified as to a statement allegedly given by appellant several hours after his arrest. Appellant alleges that this statement was not freely and voluntarily made, but was obtained through coercion, threats and intimidation after several hours of interrogation;

also, that the statement was not given in its entirety and that it was not qualified by the trial court as to its voluntariness and admissibility.

Appellant's allegations, if true, justify his claim of lack of due process. The district court erred in denying the writ of habeas corpus without a plenary evidentiary hearing. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.